| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 20-4221-JFW(JEMx)** | Date: August 6, 2020 |
|---|---|---|

Title: David Scheft -v- BMW of North America, LLC

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF DAVID SCHEFT'S MOTION TO REMAND [filed 7/10/20; Docket No. 19]

  On July 10, 2020, Plaintiff David Scheft ("Plaintiff") filed a Motion to Remand ("Motion"). On July 20, 2020, Defendant BMW of North America, LLC ("Defendant") filed its Opposition. On July 27, 2020, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 10, 2020 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.  Factual and Procedural Background**

  On March 24, 2020, Plaintiff filed a Complaint for Restitution and Damages ("Complaint") against Defendant in Los Angeles Superior Court, alleging a cause of action for violation of the Song-Beverly Consumer Warranty Act. In his Complaint, Plaintiff alleges that he leased a 2016 BMW 750i on July 27, 2017, and that during the warranty period the vehicle developed defects, including but not limited to, defects to the check engine light, the valve timing system, and the driver assistance system. On March 26, 2020, Plaintiff served the Summons and Complaint on Defendant.

  On April 27, 2020, Defendant filed its Answer. On May 8, 2020, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

**II.  Legal Standard**

  A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The

removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

### III.     Discussion

In his Motion, Plaintiff argues that Defendant has failed to establish that diversity jurisdiction exists and that Defendant's removal of this action was untimely. In its Opposition, Defendant argues that its removal of this action was timely and that it has established that diversity jurisdiction exists.

### A.     This Case Should Be Remanded to Los Angeles Superior Court.

In the Notice of Removal, Defendant alleges that the Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. In the Notice of Removal, Defendant alleges that Plaintiff "was and still is an individual residing in the State of California." Notice of Removal, ¶ 22. In addition, Defendant alleges that "[t]his fact was not established by the face of Plaintiff's Complaint, but rather, through the address provided on the Motor Vehicle Lease Agreement." *Id.* and Exh. C. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

In this case, Defendant has only alleged that Plaintiff is a resident, not a citizen, of California in the Notice of Removal.[1] In addition, the Motor Vehicle Lease Agreement that Defendant relies on does not establish that Plaintiff is a citizen of California. Although Plaintiff listed a California address on the Motor Vehicle Lease Agreement, the Motor Vehicle Lease Agreement is over three years old. Thus, at most, the Motor Vehicle Lease Agreement demonstrates that Plaintiff resided in California three years ago, but the Motor Vehicle Lease Agreement does not demonstrate where Plaintiff currently resides or if he is currently a citizen of California. *See, e.g., Kyung Park v. Holder*, 572 F.3d 619, 624 (9th Cir. 2009) (listing "current residence" as a relevant factor in determining place of domicile).

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning Plaintiff's citizenship, Defendant has failed to meet its burden to

---

[1] The parties do not dispute that the amount in controversy is satisfied or that Defendant is a citizen of Delaware and New Jersey.

establish this Court's jurisdiction.[2]  *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

### B. Plaintiff's Request for Attorneys' Fees is Denied.

In the event the Court remands this action, Plaintiff seeks attorneys' fees under 28 U.S.C. § 1447(c). "Under 28 U.S.C. § 1447(c), '[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Federal Home Loan Mortg. Corp. v. Lettenmaier*, 2011 WL 1297960, *1 (D.Or. Apr. 5, 2011) (quoting 28 U.S.C. § 1447(c)). "'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

"Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful." *Id.* (citing *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir.2008)). "Rather, the court should assess 'whether the relevant case law clearly foreclosed the defendant's basis of removal' by examining the 'clarity of the law at the time of removal.'" *Id.* (quoting *Lussier*, 518 F.3d 1066).

In this case, although not ultimately persuasive, the Court does not find Defendant's arguments so objectively unreasonable as to warrant an award of attorneys' fees. *See Lussier*, 518 F.3d at 1065 (noting that while "[t]here is no question that [the defendant's] arguments were losers[,] . . . removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted"); *Morales v. Gruma Corp.*, 2013 WL 6018040, *6 (C.D. Cal. Nov. 12, 2013) (declining to award attorneys' fees); *Coastal Const. Co. v. N. Am. Specialty Ins. Co.,* 2010 WL 2816694, *8 (D.Haw. July 14, 2010) ("While the Court concludes that NAS's arguments for fraudulent joinder lack merit, the Court does not find NAS's arguments to be objectively unreasonable as to warrant payment of attorneys' fees and costs").

Accordingly, the Court denies Plaintiff's request for attorneys' fees.

### IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**. Plaintiff's Motion for Remand is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  Plaintiff's Request for Attorneys' Fees is **DENIED**.

IT IS SO ORDERED.

---

[2] Because the Court concludes that Defendant has failed to establish that diversity jurisdiction exists, the Court does not need to address Plaintiff's argument that Defendant's removal was untimely.